UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SAMMY L. APLIN, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Civil Action No. CV-09-S-2022-NE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

ENTRY OF JUDGMENT UNDER SENTENCE FOUR
OF 42 U.S.C. § 405(g) AND
ORDER OF REMAND

Claimant Sammy Aplin commenced this action on October 8, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner affirming the decision of the Administrative Law Judge denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case should be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant argues that the Commissioner's decision was neither supported by substantial evidence nor in accordance with legal standards. Specifically, claimant asserts that the ALJ erred in failing to properly consider claimant's impairments under the requirements of Listing 12.05C, governing mental retardation, as well as in failing to properly consider claimant's non-exertional impairments. Upon consideration, the court finds merit in claimant's first contention.

Claimant alleges he is disabled pursuant to Listing 12.05C, which provides:

> *Mental Retardation.* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C.   A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[. . . .]

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.05 (listings) (all italics in original).

2

The ALJ acknowledged that claimant met the first prong of the listing, *i.e.,* an IQ score of 60 to 70.  The ALJ did not mention whether claimant has "a physical or other mental impairment imposing an additional and significant work-related limitation of function," perhaps because it is obvious from the record that this prong would be satisfied.  The ALJ found claimant to have the severe impairments of degenerative disc disease of the lumbar spine, migraine headaches, panic disorder with somatization, and borderline intellectual functioning.  While none of these impairments, standing alone, may be disabling, it is apparent from the record that they would pose at least a "significant" additional functional limitation.

Thus, the only remaining consideration with regard to claimant's satisfaction of Listing 12.05C is whether the deficits in claimant's intellectual and adaptive functioning manifested during the developmental period, or before age twenty-two. In that regard, the ALJ stated the following:

> [T]he claimant does not have the other requisite findings for listing 12.05C, specifically the adaptive deficits of functioning prior to age 22.  The claimant reports having a ninth and/or tenth grade education and that he was sent to a special education classroom one time but his parents would not allow him to continue there.  He reports he was hanging out with the "wrong crowd" at school and dropped out at age 16.  There are no school records to show he required special education classes or that his intellectual functioning was found to be anything other than the borderline intellectual functioning which he has been diagnosed with in the record. Furthermore, a finding of borderline intellectual functioning as opposed to mental retardation is more

consistent with the range of daily activities, independent daily functioning, and work history the claimant reports in the record. His work has included semiskilled work and his jobs have lasted up to three years at a time, only ending due to his employer shutting down and not due to any intellectual deficits. The undersigned notes that while the claimant may have some difficulty dealing with detailed and complicated work instructions as a result of his borderline intellectual functioning, he would not have any difficulty dealing with the short and simple job instructions and routine repetitive tasks of any unskilled type work. As discussed below, the vocational expert cited unskilled jobs that the claimant can perform consistent with his mental and physical limitations.

The undersigned gives no weight to the opinion of consultative examiner Dr. Rogers that the claimant has had lifelong mental retardation.... Such opinion is from a physician who only saw the claimant for one examination, and such opinion is inconsistent with the findings on mental status examination and is contrary with Dr. Rogers' own diagnosis of borderline intellectual functioning. Furthermore, such opinion is inconsistent with other substantive evidence of record, as discussed above.[1]

Claimant argues that the ALJ erred in finding that there was no evidence of "adaptive deficits of functioning prior to age 22." This court agrees. The Eleventh Circuit held in *Hodges v. Barnhart,* 276 F.3d 1265 (11th Cir. 2001), that, "absent evidence of sudden trauma that can cause retardation, the IQ tests [revealing a score lower than 70] create a rebuttable presumption of a fairly constant IQ throughout [the claimant's] life." *Id.* at 1268. Therefore, "a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age of twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Id.* at

---

[1] Tr. at 14-15.

1266. Despite this clear directive from the Eleventh Circuit, the ALJ nonetheless relied upon claimant's failure to produce school records to support his finding that claimant did not manifest difficulties in adaptive functioning prior to age twenty-two. It therefore appears that the ALJ did not afford claimant the presumption, required by *Hodges,* that his deficits in intellectual and adaptive functioning manifested prior to age twenty-two.[2] The ALJ's decision was not in accordance with applicable law, and remand is warranted "for further proceedings before the ALJ who is to presume, based on this evidence, mental impairment before age twenty-two. At such hearing, the Commissioner may present evidence of [claimant's] daily life to rebut this presumption of mental impairment." *Hodges,* 276 F.3d at 1269.[3]

In accordance with the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

---

[2] The court recognizes that the presumption required by *Hodges* may be rebutted by a showing that the claimant's daily activities and work history are inconsistent with a finding of mental retardation. Here, the ALJ did discuss claimant's daily activities and work history, but it is not at all clear that the ALJ did so after *presuming* that claimant's low IQ scores as an adult indicated deficits in intellectual and adaptive functioning prior to age twenty-two. To the contrary, it appears that the ALJ erroneously placed the burden on claimant to prove that his mental disabilities existed prior to that age.

[3] Because remand is warranted on these grounds, the court need not consider claimant's alternative argument, *i.e.,* that the ALJ failed to properly consider claimant's non-exertional impairments.

The clerk is directed to close this file.

DONE this 31st day of August, 2010.

_____
United States District Judge